UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-156-FDW

| | |
|---|---|
| MARTIN TREJO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| CAROLE SWEEET, ) | |
| KEITH WHITENER, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and Plaintiff's Motion to Appoint Counsel, (Doc. No. 4). See 28 U.S.C. §§ 1915(e)(2); 1915A. The Court has granted Plaintiff leave to proceed in forma pauperis. (Doc. No. 6).

### I. BACKGROUND

Pro se Plaintiff Martin Trejo, a North Carolina state inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on November 15, 2013, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names as Defendants Carole Sweet, identified as the Facility Head/Administrative Officer at Alexander, and Keith Whitener, identified as the Superintendent of Alexander. Plaintiff alleges that Defendants "arbitrarily and capriciously confiscated his personal funds mailed to him by a relative." (Doc. No. 1 at 1). More specifically, Plaintiff alleges that on April 12, 2013, Plaintiff's sister mailed him $150.00 "inside a religious brochure in a manner that [prison] officials erroneously perceived as a blatant

1

attempt to circumvent policy." (Id. at 3). Plaintiff alleges that his sister is a Mexican national and was not aware of the procedures for sending funds to inmates and that "she mailed the funds to Plaintiff in a manner consistent with how funds are received by inmates in Mexico." (Id. at 4). According to Plaintiff, prison policy states that "cash that is concealed or hidden within mailed items in an attempt to avoid detection shall prompt an investigation and appropriate disciplinary action." (Id. at 4-5). This Court, furthermore, takes judicial notice that North Carolina's prison regulations state in relevant part that "[a]ny unauthorized funds confiscated under this section . . . shall be deposited to [an] Inmate Welfare Fund maintained by the Division of Adult Correction of the Department of Public Safety." N.C. GEN. STAT. § 148-18.1 (titled "Confiscation of Unauthorized Articles").

Plaintiff alleges that on April 22, 2013, Defendant Sweet mailed Plaintiff a letter, stating: "The [Department of Public Safety] attempted to return the cash but was unable to locate the sender. Per Departmental policy, the cash has been deposited into the inmate welfare fund." (Doc. No. 1 at 4). The letter further stated: "The remitter attempted to circumvent policy by hiding cash within a religious brochure. Therefore, the funds have been confiscated and will be deposited as contraband." (Id.). Plaintiff alleges that the Department's confiscation of the funds as contraband was "inconsistent with" the Department's initial action of attempting to return the funds to the return address on the envelope. (Id.). Plaintiff alleges that Defendant Sweet contended that the fact that the return address on the envelope was invalid "legitimiz[ed] her decision to deposit the funds into [the Inmate Welfare Fund]." (Id. at 5). Plaintiff complains that Defendant Sweet should have first asked him if there was another address where Sweet could send the funds. (Id.).

As to Defendant Whitener, Plaintiff alleges that Whitener "conducted an investigation

2

into the matters of [Plaintiff's] complaint [regarding the confiscation of his funds] and failed to take appropriate action." (Id. at 3). Plaintiff filed a grievance based on the confiscation of the funds. His grievance was reviewed and prison officials denied his grievance, stating as follows:

> In response to your grievance, Ms. Sweet states your grievance was reviewed and you stated your sister mailed you 150.00 in cash in a manner that was incorrectly perceived as a blatant attempt to circumvent policy. You state she does not speak English and was unaware of the procedures and mailed the funds in a manner consistent with how funds are received in Mexico. As Mr. Whitener responded to you in a letter dated 4/26/13, the sending person concealed the funds in an attempt to circumvent Agency Guidelines consistent with Division of Prisons Policy, [and] the funds were determined to be contraband and were disposed of accordingly.

(Doc. No. 7 at 2). The prison's response to Plaintiff's grievance at Step One was upheld at Steps Two and Three of the grievance process. (Id. at 2-3).

Based on his factual allegations, Plaintiff alleges that Defendants' actions violated his Fourteenth Amendment due process rights. (Id. at 5-6). Plaintiff seeks compensatory damages of $5,000.00 against each Defendant, punitive damages of $5,000.00 against each Defendant, declaratory relief, and a jury trial. (Id. at 6-7).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its

frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

To establish a procedural due process claim under § 1983, a plaintiff must show that he (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. See Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." Zinermon v. Burch, 494 U.S. 113, 125 (1990) (emphasis in original). Thus, analysis of a procedural due process claim involves two steps: "[T]he first [step] asks whether there exists a liberty or property interest which has been interfered with by the State; the second [step] examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989).

Here, Plaintiff has failed to state a due process claim as a result of Defendants' confiscation of the funds sent to him. First, the funds that were seized were clearly contraband, and Plaintiff does not have a property interest in contraband.[1] Accord Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006) (prisoner had no property interest in funds that were contraband); Lyons v. Farrier, 730 F.2d 525, 527 (8th Cir. 1984) (destruction of painting that was contraband did not implicate due process concerns because the prisoner did not have a protected property interest in it). Furthermore, and in any event, the procedures used to seize the funds were constitutionally sufficient. Contrary to Plaintiff's allegation, the decision by the grievance

---

[1] As noted, prison policy clearly prohibited prisoners from receiving "cash that is concealed or hidden within mailed items." Here, by Plaintiff's own allegations, the cash mailed by his sister was concealed within religious mailings.

4

examiner that the funds were properly confiscated was neither capricious nor arbitrary. Plaintiff grieved his complaint regarding the confiscation, prison officials investigated the complaint, and officials concluded that the funds were properly confiscated. The mere fact that Plaintiff disagrees with the outcome of his grievance does not establish a due process violation. Accord Kimble v. State of Mich. Corr. Dep't, 300 F. Supp. 1122, 1125 (E.D. Mich. 1968) (finding that the confiscation of an inmate's money as contraband and placing it in an inmate general benefit fund was a properly regulated function of the administration of the state prison and did not violate the inmate's civil rights or right to due process of law), aff'd, Kimble v. Dep't of Corr., State of Mich., 411 F.2d 990 (6th Cir. 1969); Hollins v. Curtin, No. 1:13cv8, 2014 WL 320211, at *13 (W.D. Mich. Jan. 29, 2014) (confiscation of funds did not violate due process); Kitchen v. Peguese, No. Civ. A. DKC-05-466, 2005 WL 4827386, at *3 (D. Md. Nov. 23, 2005) ("Where the allegation involves wrongful deprivation of property by prison officials, the Due Process Clause requires only the availability of an adequate post-deprivation remedy."). In sum, Plaintiff fails to allege a due process violation. Thus, Plaintiff's Complaint will be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** with prejudice for failure to state a claim.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 4), is **DENIED** as moot.

3. The Clerk is directed to terminate this action.

Signed: July 28, 2014

Frank D. Whitney
Chief United States District Judge